# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

IN RE: **Marcos Salvador Mena**  Case No. **10-32316**

Debtor(s)  Chapter 13 Proceeding

☑ *AMENDED*  ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

---

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

---

## Plan Summary

**A.** The Debtor's Plan Payment will be **$470.00 Monthly**, paid by ☐ Pay Order or ☑ Direct Pay for **60 months**. The gross amount to be paid into the plan is **$28,200.00**.

**B.** The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately **22%** of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

**C.** The value of the Debtor's non-exempt assets is **$0.00**.

**D.** If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☑ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|

Form 11/7/05  *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

IN RE: **Marcos Salvador Mena**　　　　　　　　　　　　　　　　　　Case No. **10-32316**

　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

### ☑ AMENDED　　☐ MODIFIED
### DEBTOR(S)' CHAPTER 13 PLAN
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

Pursuant to 11 U.S.C. §1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Persels & Associates, L.L.C. | Debt Settlement Services | Rejected | No |

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor / Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Citifinancial<br>1985 Chevrolet Silverado | $8,426.00 | $800.00 | Pro-Rata | 5.25% | $870.58 | |
| Teachers Federal Credit Union<br>2007 Chevrolet HHR | $16,130.00 | $11,050.00 | Pro-Rata | 5.25% | $12,024.89 | |

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____**November 2, 2010**_____ ."

**/s/ Marcos Salvador Mena**　　　　　　　　　　　　　　　　　　　　　　　　　　
Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor

Form 11/7/05　　　*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

☑ *AMENDED*   ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 2*

## V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
|  |  |  |

## VI. Specific Treatment for Payment of Allowed Claims

### 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, MUST be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor / Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Estela Elliott | $515 payroll deduct | $0.00 | $515.00 |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
|  |  |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE: **Marcos Salvador Mena**  Case No. **10-32316**

Debtor(s)  Chapter 13 Proceeding

☑ *AMENDED*  ☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

---

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A.** Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| US Bankruptcy Court | $200.00 | Along With | |
| Watson & Maynez, P.C. | $3,000.00 | Along With | |

**B.** Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor / Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

**D.** Cure Claims on Assumed Contracts, Leases, and Contracts for Deed

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completing of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Citifinancial 1985 Chevrolet Silverado | $8,426.00 | $800.00 | Pro-Rata | 5.25% | $870.58 | |
| Teachers Federal Credit Union 2007 Chevrolet HHR | $16,130.00 | $11,050.00 | Pro-Rata | 5.25% | $12,024.89 | |

**F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed).
*Describe treatment for the class of general unsecured creditors.*

General Unsecured Creditors will receive approximately __**22%**__ of their allowed claims.

Form 11/7/05  *Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

IN RE: **Marcos Salvador Mena**　　　　　　　　　　　　Case No. **10-32316**

　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

## ☒ *AMENDED*　　☐ *MODIFIED*
## DEBTOR(S)' CHAPTER 13 PLAN
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

| Creditor | Estimated Debt | Remarks |
|---|---|---|
| Apria Health Care | $89.00 | |
| Berlinwhr-ks | $159.00 | |
| Bk Of Amer | $4,160.00 | |
| Capital One, N.a. | $714.00 | |
| CitiCard | $4,000.00 | |
| Citifinancial | $7,626.00 | Unsecured portion of the secured debt (Bifurcated) |
| Creditonebnk | $639.00 | |
| Directv | $176.00 | |
| Dr. Peter Fernandez | $136.00 | |
| Edward T. Burke & Assoc. P.C. | $3,914.00 | |
| Fst Usa Bk B | $1.00 | |
| GEMB / Old Navy | $230.00 | |
| Gemb/chevron | $326.00 | |
| Hsbc Best Buy | $3,253.00 | |
| Katrina Alvarez | $1.00 | |
| Teachers Federal Credit Union | $5,080.00 | Unsecured portion of the secured debt (Bifurcated) |
| Washington Mutual | $5,668.00 | |
| Wf Fin Bank | $5,660.00 | |
| Wf Fin Bank | $30.00 | |

**Totals:**

| | |
|---|---|
| Administrative Claims | **$3,200.00** |
| Priority Claims | **$0.00** |
| Arrearage Claims | **$0.00** |
| Cure Claims | **$0.00** |
| Secured Claims | **$11,850.00** |
| Unsecured Claims | **$41,862.00** |

### VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

**Agreed Orders**

Agreed Orders shall control in any conflict between Plan provisions and the provisions in the Agreed Orders.

IN RE: **Marcos Salvador Mena**                              Case No. **10-32316**

Debtor(s)                                                    Chapter 13 Proceeding

☑ *AMENDED*      ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN**
**AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 5*

**Disposable Earnings**

Pursuant to 11 U.S.C. § 1322(a)(1) of the Bankruptcy Code, the Debtor(s) shall submit all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. The Debtor(s) agree to report to the Trustee any changes in income that would necessitate modifying their plan by either increasing or decreasing their plan payment or increasing or decreasing payout to unsecured creditors

**Authorization to send monthly bills**

Confirmation of the Plan shall constitute authority for creditors, such as lien-holders on real property and lien-holders on vehicles, who receive monies as direct payments from Debtor(s) as a result of Debtor(s) election to pay such monies outside of the plan to send monthly statements as a convenience to the Debtor(s) and such statements shall not be considered a violation of the provisions of the automatic stay.

**Certain Pre-Confirmation Disbursements**

If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors. The funds that were allocated to such creditor as a pre-confirmation disbursement will be distributed on a pro-rata basis to the other secured creditors. Similarly, the funds scheduled to be received by such creditor along with other secured creditors on a pro-rata basis.

**Misfiled and Unfiled Creditors Paid Accordingly**

If any secured proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless, it is objected to. Said claims shall be paid under the plan at 7.75% interest. Likewise, if any priority proof of claim is timely filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

IN RE: **Marcos Salvador Mena**  Case No. **10-32316**

Debtor(s)  Chapter 13 Proceeding

☑ *AMENDED*   ☐ *MODIFIED*
**DEBTOR(S)' CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Continuation Sheet # 6*

Respectfully submitted this date: __**11/02/2010**_____.

    **/s/ Matt Watson**
Matt Watson
1123 E. Rio Grande
El Paso, Texas 79902
Phone: (915) 562-4357 / Fax: (866) 201-0967
(Attorney for Debtor)

**/s/ Marcos Salvador Mena**
Marcos Salvador Mena
3125 Altura
El Paso, TX 79930
(Debtor)

IN RE: **Marcos Salvador Mena**　　　　　　　　　　　CASE NO. **10-32316**
　　　　　　　　　　*Debtor*

　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**
　　　　　　　　　　*Joint Debtor*

## CERTIFICATE OF SERVICE

___

I, the undersigned, hereby certify that on November 3, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

　　　　　　　　　　**/s/ Matt Watson**
　　　　　　　　　　Matt Watson
　　　　　　　　　　Bar ID:24028878
　　　　　　　　　　Watson & Maynez, P.C.
　　　　　　　　　　1123 E. Rio Grande
　　　　　　　　　　El Paso, Texas 79902
　　　　　　　　　　(915) 562-4357

___

| | | |
|---|---|---|
| Apria Health Care<br>xxxxxxU716<br>P.O. Box 802017<br>Chicago, IL 60680 | Capital Management Services, LP<br>726 Exchange Street, Suite 700<br>Buffalo, NY 14210 | Directv<br>xxxxx3615<br>P.O. Box 6550<br>Greenwood Village, CO 80155-6550 |
| Attorney General Child Support<br>P.O. Box 12017<br>Austin, Texas 78711 | Capital One, N.a.<br>xxxxxxxxxxxx9781<br>C/O American Infosource<br>PO Box 54529<br>Oklahoma City, OK 73154 | Dr. Peter Fernandez<br>xxx0151<br>1700 Murchison Dr Suite 213<br>El Paso, TX 79902 |
| Bank of New York Melllon as Trustee<br>c/o Vanderbilt Mort &Finance<br>P.O. Box 9800<br>Maryville, TN 37802 | CitiCard<br>xxxx-xxxx-xxxx-0272<br>605 Munn<br>Fort Mill, SC 29716 | Edward T. Burke & Assoc. P.C.<br>xxxx-xxxx-xxxx-9117<br>11222 Richmond Ave Suite 230<br>Houston, TX 77082 |
| Berlinwhr-ks<br>xxxxxx0148<br>Pob 479<br>Topeka, KS 66601 | Citifinancial<br>xxxxxxxxxxxx8964<br>300 Saint Paul Pl<br>Baltimore, MD 21202 | Estela Elliott<br>1203 Villa Dr.<br>Butler, PA 16001 |
| Bk Of Amer<br>xxxxxxxxxxxx4648<br>Po Box 17054<br>Wilmington, DE 19850 | Creditonebnk<br>xxxxxxxxxxxx0584<br>585 S. Pilot Street<br>Las Vegas, NV 89119 | Fst Usa Bk B<br>xxxxxxxxxxxx1114<br>900 N Market St<br>Wilmington, DE 19801 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

IN RE: **Marcos Salvador Mena**  CASE NO. **10-32316**
_Debtor_

CHAPTER **13**

_Joint Debtor_

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

---

GEMB / Old Navy
xxxxxxxxxxxx1285
Attention: Bankruptcy
PO Box 981400
ElPaso, TX 79998

Teachers Federal Credit Union
12020 Rojas Dr
El Paso, TX 79936

Gemb/chevron
xxxxxxxxxxxx4019
Attention: Bankruptcy
PO Box 103104
Roswell, GA 30076

The Affiliated Group
3055 41st ST NW #100
Rochester, MN 55901

Hsbc Best Buy
xxxxxxxxxxxx0207
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197

US Bankruptcy Court
8515 Lockheed Dr.
El Paso,TX 79925-1218

Katrina Alvarez
834 Agave Park Court
El Paso, TX 79932

Washington Mutual
xxxx-xxxx-xxxx-3983
P.O. Box 36520
Louisville, KY 40233

Leading Edge Recovery Solut LLC
5440 N.Cumberland Ave Ste 300
Chicago, IL 60656-1490

Wf Fin Bank
xxxxxxxxxxxx2175
Wells Fargo Financial
4137 121st St
Urbandale, IA 50323

Marcos Salvador Mena
3125 Altura
El Paso, TX 79930

Wf Fin Bank
xxxxxxxxxxxx4900
Wells Fargo Financial
4137 121st St
Urbendale, IA 50323

Stuart C. Cox
Chapter 13 Trustee,
PO Box 210, Memphis, TN 38101-0210